Dutchess Bleachery, Inc., Respondent, v. Village of Wappingers Falls and Others, Appellants.— In an action on a contract for the supply of water to the defendant, judgment in favor of plaintiff unanimously affirmed, with costs. We are generally in accord with the reasoning of the learned Trial Term justice, although we do not construe the rates provided for in the proposal and in the later contract as did he, but whether or not they were " step " and " block " rates is immaterial in the light of the fatal variance between the proposition and the contract which rendered the rates nugatory and provided for payment on a cost-plus basis. Nor are we in accord with the proposition that the appellants may not recover for sums paid in excess of the reasonable value for the period prior to that in question here, if any,

on the ground of estoppel (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363), but as that issue was neither presented nor urged by the appellants, it has not been determined in this action. Hagarty, Tompkins and Johnston, JJ., concur; Davis, J. (memorandum). I concur for affirmance, but prefer to base my vote on the ground that the contract was valid. Very likely the judgment could be sustained on the basis of *quantum meruit*, but that has resulted in the conclusion that the contract is wholly void and unenforcible and that the defendants will not acquire the pumping plant and filter at the end of the twenty-year period, which is about to end. There was a proposed tentative contract, somewhat obscure in its provision as to rates. The question submitted to the voters contemplated the execution of a formal contract thereafter, although the written proposal was referred to in the proposition submitted. The formal contract was thereafter made after negotiations between the engineer employed by the village and the engineer employed by the plaintiff, and under advice and direction of the attorneys for both parties. This contract, which made a variance in respect to rates from the original proposal, was for the evident purpose of clarifying any ambiguities and was for the benefit of both parties. For a long period of years the parties put their practical construction on its terms — the village accepting benefits for a part of the period and paying the rates agreed upon in the new contract without question when the provisions were beneficial to the plaintiff. By their conduct in thus interpreting the contract and acting under it there has been a practical construction by uniform and unquestioned acts from the outset, continued for a long period of time, and the courts will treat it as having the meaning that the parties have given to it. (*Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1.) The contract is either good as it was written and acted upon by the parties or it is not. The original proposal was not intended to be a definite contract, and the defendant has not sought reformation of the one subsequently written either on the ground of mutual mistake of fact or by any fraud, over-reaching or misrepresentation. It seems to me a shortsighted policy on the part of the officials and their attorney to seek to declare the contract void just as their rights are about to ripen into ownership within a year. There is no right to recover for sums voluntarily paid by the village under the construction the officials have placed on the contract; and if it were to be declared void the citizens would lose the rights of ownership, which are valuable. Lazansky, P. J., concurs with Davis, J.